**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**



DIVINE ALLAH,

   Plaintiff(s),

  v.

JOHN KEEFE,

   Defendant(s).

**REPORT & RECOMMENDATION**
05-CV-6050L

---

### Factual Background

In his Complaint, plaintiff alleges, *inter alia*,[1] that in 2004, while confined at the Five Points from Green Haven Correctional Facility ("Green Haven"), he was improperly transferred to the Involuntary Protective Custody Unit ("IPC"). See Complaint (Docket # 1) at ¶ 38.  Plaintiff alleges that the IPC transfer was recommended and requested by defendant Keefe, who had "retaliatory motives."   Id. at ¶ 40.   Plaintiff alleges that defendant Keefe retaliated against him for filing written complaints and grievances.  Id. at ¶ 41.  On August 14, 2007, Judge Larimer granted summary judgment in favor of defendants on all of plaintiff's claims other than his claim against defendant Keefe arising out of plaintiff's transfer to IPC in September 2004.  See Allah v. Poole, 506 F. Supp. 2d 174, 193-94 (W.D.N.Y. 2007).

---

[1] A more detailed description of the facts forming the basis of plaintiff's claims is found in Judge Larimer's Decision and Order granting in part and denying in part defendants' motion for summary judgment (Docket # 28).  Allah v. Poole, 506 F. Supp. 2d 174 (W.D.N.Y. 2007).

Currently before the Court is plaintiff's motion to amend his complaint to include "'John' Valentino," a "Correctional Lieutenant" at Green Haven, as a named defendant in this action (Docket # 32).   Plaintiff alleges that Valentino "conspired with [defendant] Keefe to retaliate against the Plaintiff by approving a false IPC recommendation."   See Plaintiff's Proposed Amended Complaint annexed to Docket # 32 at ¶ 22.   Defense counsel opposes the motion to amend as being untimely and futile.   See Defendant's Memorandum in Opposition (Docket # 41).   The motion was deemed submitted on the papers without oral argument on October 8, 2008.[2] The following is my Report and Recommendation as to the plaintiff's motion to amend complaint (Docket # 32).

## Chronology of Events

The chronology of events leading up to plaintiff's August 7, 2008 motion to add Lieutenant Valentino as a defendant is relevant to the merits of plaintiff's motion.   On or about September 23, 2004, plaintiff was served with an IPC Recommendation authored by defendant Keefe.   Keefe recommended that plaintiff be placed in IPC because of his alleged participation in a scheme to start a fire in another inmate's cell.   In filling out the IPC Recommendation form, Keefe specifically indicated that Lieutenant Valentino had authorized plaintiff's placement in IPC pending a final

---

[2]   By Order of Judge David G. Larimer, dated August 15, 2005, all pretrial motions have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). (Docket # 10).

determination on the appropriateness of IPC.

An IPC hearing was held at the prison on October 7, 2004. Plaintiff was present at the hearing. During the hearing, Captain Colvin, the hearing officer, noted that plaintiff's confinement in IPC pending the hearing was "authorized by Lieutenant Valentino." At the conclusion of the hearing, Colvin determined that IPC custody was not necessary and plaintiff was released from IPC. See IPC Hearing Transcript at p. 8, annexed as "Deposition Exhibit 6" to Exhibit "B" to Docket # 18.

Plaintiff filed this civil rights complaint in February 2005 alleging, inter alia, that Keefe's IPC Recommendation was in retaliation for plaintiff's previous grievances. On January 9, 2006, the defendants filed a joint response to plaintiff's interrogatories in which they identified Lieutenant Valentino as an individual "who had knowledge of, made, or participated in" the decision to place plaintiff in IPC. (Docket # 15). On January 11, 2006, plaintiff was deposed in this action. During the deposition, plaintiff acknowledged that he knew Lieutenant Valentino "authorized the IPC recommendation." See Plaintiff's deposition transcript at p. 102, annexed as Exhibit "A" to Docket #18. Plaintiff also acknowledged receiving the IPC Recommendation form on September 23, 2004.[3]   Id. at p. 95.

---

[3] The deposition transcript incorrectly refers to the date as September 23, 2003. See Plaintiff's deposition transcript at p. 95, annexed as Exhibit "A" to Docket # 18.

In April 2006, the defendants filed a motion for summary judgment. (Docket # 17). By Declaration sworn to on January 10, 2006, Keefe stated that he was "directed by Lieutenant Mark Valentino to follow up with a potential dangerous situation" involving plaintiff and another inmate. See Keefe Declaration (Docket # 20) at ¶ 4. In seeking summary judgment as to the claim that he retaliated against plaintiff, Keefe argued that he could not have retaliated against plaintiff because the IPC process was initiated "because a superior [Lieutenant Valentino] directed" him to take action. Id. at ¶ 8.

On August 14, 2007, United States District Judge David G. Larimer issued a Decision and Order in which he denied defendant Keefe's motion for summary judgment on plaintiff's retaliation claim. See Decision and Order (Docket # 28). While acknowledging Keefe's claim that plaintiff's IPC placement "was at the direction of a superior, Lt. Valentino," Judge Larimer also found disputed and material issues of fact as to Keefe's motives that precluded summary judgment in Keefe's favor. Id. at p. 24.

Despite the foregoing, it was not until almost a year later, on August 7, 2008, that plaintiff filed the instant motion to amend his complaint to add Lieutenant Valentino as a defendant who conspired with defendant Keefe to retaliate against plaintiff by "approving a false IPC recommendation." See Docket # 32 at ¶ 22. According to plaintiff, he "discovered after Interrogatories"

4

Lieutenant Valentino's "collusive role and participation in violating Plaintiff's Constitutional Rights." Id. at p. 1.   On August 19, 2008, Judge Larimer held a trial date status conference with plaintiff and defense counsel.   In light of plaintiff's pending motion to amend his complaint, a trial date was not set by Judge Larimer and instead he ordered defense counsel to respond to the motion to amend.

### Discussion

According to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("FRCP"), a party may amend its pleading after responsive pleadings have been filed "only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires."   A decision to grant or deny a motion to amend is within the sound discretion of the trial court. Foman v. Davis, 371 U.S. 178, 182 (1962).   Generally, unless there is undue delay, bad faith, prejudice to the opposing party, or futility of amendment, "the leave sought should, as the rules require, be 'freely given.'"   Id.   Furthermore, a pro se litigant "should be afforded every reasonable opportunity to demonstrate that he has a valid claim."   Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984).

Notwithstanding the liberal standard for amending a complaint, the Court may properly deny a motion to amend if the amendment would be futile.   Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003)

5

("[L]eave to amend a complaint need not be granted when amendment would be futile."); <u>Lucente v. Int'l Machs. Bus. Corp.</u>, 310 F.3d 243, 258 (2d Cir. 2002)("One appropriate basis for denying leave to amend is that the proposed amendment is futile.").  An amendment is futile if the claims plaintiff seeks to add would be barred by the statute of limitations.  <u>Grace v. Rosenstock</u>, 228 F.3d 40, 53 (2d Cir. 2000).

<u>Statute of Limitations</u>:  The statute of limitations for § 1983 claims filed in New York is governed by New York's three year statute of limitations for personal injury actions and accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action."  <u>Pearl v. City of Long Beach</u>, 296 F.3d 76, 79 (2d Cir. 2002); N.Y. C.P.L.R. § 214.  Here, I find that plaintiff's § 1983 claim against Valentino began to accrue on the date he knew or had reason to know that Valentino was involved in recommending that plaintiff be transferred to IPC.  In his Complaint, plaintiff states that "[s]everal days" after he was transferred to IPC "he was served with a copy of the Involuntary Protective Custody [IPC] Recommendation."  <u>See</u> Complaint (Docket # 1) at ¶ 39.  At his deposition plaintiff testified that he received the IPC Recommendation form on September 23, 2004.  The IPC Recommendation confirms that Valentino authorized the IPC request.  <u>See</u> "Deposition Exhibit 5" annexed to Exhibit "B" to Docket # 18.  The IPC Recommendation refutes plaintiff's contention here that he

did not discover Valentino's participation in the IPC transfer until January 2006 when defendants' interrogatory answers identified "Lt. Mark Valentino" as one of three individuals "who had knowledge of, made, or participated in any decisions concerning Sgt. O'Keefe's (sic) investigation and decision to place plaintiff in Involuntary Protective Custody." See Dockets # 15, # 32.

Based on the foregoing, plaintiff knew or should have known of Valentino's participation with his transfer to IPC in September 2004 when he received the IPC Recommendation form that specifically identified Lt. Valentino as having authorized his IPC detention. Accordingly, plaintiff had until September 2007 to commence a timely action against Valentino.   Plaintiff did not file the instant motion to include Valentino as a named defendant until August 7, 2008.  Consequently, plaintiff's proposed amendment is outside the three year statute of limitations applicable to actions commenced pursuant to 42 U.S.C. § 1983.

Relation back doctrine: Although not mentioned by defendants, plaintiff's proposed amendment adding Valentino as a defendant may be permitted if the amendment "relates back" to a timely filed complaint.   "If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint." VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 (2d Cir. 2001); see also Fed. R. Civ. P. 15(c).

7

The relation back doctrine applies if three conditions are met: (1) the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence" set forth in the original pleading, (2) within 120 days of filing the complaint, the party to be brought in by amendment received notice of the action, such that "the party will not be prejudiced in maintaining a defense on the merits," and (3) "within this same period, this party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Ish Yerushalayim v. U.S. Dep't of Corrs., 374 F.3d 89, 91 (2d Cir. 2004)(quoting Fed. R. Civ. P. 15). Plaintiff's proposed amendment can be allowed only if plaintiff satisfies all three prongs of the relation back test.

Here, the first element of the relation back test is satisfied in that the new allegations arose out of those raised in the original complaint. See Hickey v. City of N.Y., No. 01 Civ. 6506 GELFM, 2004 WL 736896, at *3 (S.D.N.Y. Apr. 5, 2004)(first requirement satisfied where allegations against proposed new defendants arose from "the same occurrence that formed the basis of [plaintiffs'] original complaint").

The second prong is also satisfied. While actual notice is preferable, courts within the Second Circuit routinely hold that constructive notice is sufficient, particularly where the existing defendants are correction officers represented by government

attorneys and the same attorneys would likely also be responsible for representing the proposed new defendant.  See Mabry v. New York City Dep't of Corrs., No. 05 Civ. 8133(JSR)(JCF), 2008 WL 619003, at *5 (S.D.N.Y. Mar. 7, 2008)(a court can "impute [knowledge] of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the officials originally sued"); Muhammad v. Pico, No. 02 Civ.1052 AJP, 2003 WL 21792158, at *20-21 (S.D.N.Y. Aug. 5, 2003)(constructive notice found where DOCS employee represented by Attorney General was defending other employees and knew that claim could be brought against unnamed employee).  The relevant inquiry is whether the Attorney General knew or should have known that plaintiff's claim could also have been brought against Valentino.  Given that the DOCS document (the IPC Recommendation form) was referenced in plaintiff's original 2005 complaint and specifically listed Valentino as the DOCS employee who authorized plaintiff's initial IPC detention, DOCS attorneys knew or should have known that Valentino was a possible defendant in plaintiff's retaliation claim.

However, I find that plaintiff can not satisfy the third prong of the relation back doctrine.  To meet the third prong required by Rule 15(c), plaintiff must establish a mistake in identity, that is that he would have named Valentino as a defendant "but for a mistake concerning identity."  Cornwell v Robinson, 23 F.3d 694,

705 (2d Cir. 1994). Plaintiff makes no such claim here and the facts would refute it in any event. Just as defendants knew that Valentino authorized plaintiff's designation to IPC, so did plaintiff. Plaintiff not only acknowledges that he possessed the IPC Recommendation form in September 2004, but the October 7, 2004 hearing transcript confirms that the hearing officer, Captain Colvin, specifically told him that Valentino authorized his IPC confinement. See IPC Hearing Transcript at p. 2, annexed as "Deposition Exhibit 6" to Exhibit "B" to Docket # 18. In light of plaintiff's obvious knowledge of Valentino's involvement in the IPC Recommendation, plaintiff's failure to name Valentino as a defendant in his original complaint "must be considered a matter of choice, not mistake." Cornwell, 23 F.3d at 705. See West v. City of New York, No. 88 Civ. 1801 (CSH), 1995 WL 75475, at *3-4 (S.D.N.Y. Feb. 22, 1995)(where disciplinary report reasonably put plaintiff on notice of correction officer's potential involvement in the incident described in the original complaint, relation back doctrine not applicable because failure to add defendant did not result from mistake concerning identity); Hodge v. Perilli, No. 06 Civ. 2480(PAC)(MHD), 2008 WL 141093, at *4 (S.D.N.Y. Jan. 7, 2008)(where plaintiff "knew the identities of the individuals allegedly responsible for the constitutional violations of which he was complaining, he cannot satisfy the rule"). Thus, it is my Report and Recommendation that plaintiff's motion to add Valentino

as a defendant be denied.

Finally, with the instant motion, it appears that plaintiff also seeks to re-include the New York State Department of Correctional Services ("DOCS") as a defendant.[4]  See Plaintiff's Proposed Amended Complaint annexed to Docket # 32.  On April 25, 2005, this Court dismissed plaintiff's claims against DOCS, due to the Eleventh Amendment bar against federal court claims against state agencies.  See Docket # 4.  Accordingly, to the extent plaintiff seeks to again name DOCS as a defendant, this aspect of his motion to amend must be denied.

## Conclusion

For the foregoing reasons, it is my Report and Recommendation that plaintiff's motion for leave to file an amended complaint (Docket # 32) be **denied.**

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 19, 2009
Rochester, New York

---

[4] It is not entirely clear whether plaintiff seeks to include DOCS as a defendant.  In his notice of motion (Docket # 32), plaintiff does not mention adding DOCS as a named defendant and, instead, only requests that Valentino be added.  In his proposed amended complaint, however, plaintiff has included DOCS in the caption and has named DOCS in the amended complaint.  See Plaintiff's Proposed Amended Complaint annexed to Docket # 32.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

     **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

     **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

     The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

     **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

     The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

     Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

     **SO ORDERED.**

                                 Jonathan W. Feldman
                                 United States Magistrate Judge

Dated: March **19**, 2009
Rochester, New York

12